IN THE MATTER OF THE PETITION OF DAVID D. ABBA-TANGELO FOR REVIEW OF APPLICATION FOR ADMISSION TO THE STATE BAR OF NEVADA, 1962.

No. 4657

December 18, 1964            397 P.2d 182

*Bible, McDonald & Carano,* and *Thomas R. C. Wilson II,* of Reno, for Petitioner.

*Howard L. Cunningham,* Chairman, Board of Bar Examiners, and *Robert R. Herz,* Executive Secretary, State Bar of Nevada, of Reno, for State Bar of Nevada.

## OPINION

By the Court, McNamee, J.:

Pursuant to Rule 55 of Supreme Court Rules petitioner filed a petition for review with this court to which the Board of Bar Examiners filed an answer.

It appears therefrom that petitioner, with the permission of said board, took the 1962 bar examination subject however to further character investigation by the board. He successfully passed the examination. Thereafter petitioner was interviewed by the board and upon receiving from the board a recommendation that he be denied admission this court on May 22, 1963 entered its order that petitioner's application for admission to the State Bar of Nevada be denied.

On September 9, 1963 this court entered its order that the board reconsider the application in light of new evidence on behalf of petitioner. After again interviewing petitioner the board submitted a supplemental report again recommending that petitioner's application for admission be denied. On December 27, 1963 this court entered its order denying said application and it is because of that order that the petition for review herein was filed.

That particular evidence relied upon by the board in recommending the denial of petitioner's application for admission to the state bar is as follows:

Evidence was introduced to show that in Pittsburgh, Pennsylvania, he signed the name of his then wife, Victoria Abbatangelo, to a bank loan application and promissory note without disclosing to the bank the fact that her signature was not genuine but was written by petitioner; that soon thereafter he departed from Pennsylvania, where petitioner was a practicing attorney, and came to Nevada for a divorce, and that while in Nevada he failed to support his wife and children; that

after obtaining a divorce in Nevada he married his present wife and failed to comply with the provisions in the divorce decree for child support and alimony.

The evidence tends to show that it was common practice for petitioner to sign his wife's name to legal documents and that he did so with her consent. This was particularly true with notes executed to Duquesne City Bank in Pennsylvania prior to the time of the application for the loan to the Pittsburgh bank. The Duquesne bank knew of petitioner's habit in this regard. The note given to the Pittsburgh bank was satisfied by petitioner's parents after he had left for Las Vegas.

Much of the testimony taken before the board has to do with this situation. The situation was first called to the attention of the board by Victoria Abbatangelo when she communicated with the board and accused the petitioner of forging her name to several obligations. Later however she made an affidavit which showed that her accusation of forgery was done for the sole purpose of aggravating petitioner; that she was well aware of all bank loans obtained by petitioner when signing her name; that she purchased items with the proceeds of these loans; and that petitioner was of high moral professional character.

One has but to read the record herein properly to conclude that the conduct of petitioner resulting in the adverse recommendation of the board was due chiefly to the situation created by Victoria's conduct. Her failure to heed her marriage vows resulting in petitioner's determination to seek a Nevada divorce, and her spiteful and admittedly malicious communications designed to damage petitioner's reputation, naturally resulted in an impairment of petitioner's earning ability.

The failure of the petitioner to pay child support and alimony during part of the time after he left Pennsylvania was not a matter of choice. It appears to us that the situation in Pennsylvania, as a result of the conduct of Victoria, was as relating to petitioner intolerable. After arriving in Nevada his total income between September 1, 1961 and December 23, 1961 was about $600.

During the following month he was unemployed. From January 27, 1962 until the end of April 1962 he earned approximately $300 per month. From April through August 1962 he made small monthly payments to Victoria for support. In October 1962 she received $500 which had been owed to petitioner and which he directed to be paid to her. During these times petitioner's parents aided in the support of Victoria and the children. Subsequent to the action of the board, petitioner borrowed money and paid all existing obligations for alimony and child support. We believe that under the circumstances of this case, and particularly because of the conduct of Victoria, petitioner should not be penalized to the extent of denying him admission to the Nevada state bar because of said delinquency regarding alimony and child support. Although he did sign his wife's name in connection with the Pittsburgh bank loan, it is apparent that he did it with her consent and there is no evidence that he intended to defraud the bank.

The board in its report to this court stated that its adverse recommendation was in part due to the demeanor of petitioner during its interviews with him. We do not believe that the unfavorable impression he gave to the board even considered in connection with the other unfavorable evidence should be a cause for denial of petitioner's application for admittance to practice law in Nevada. Our reason for such conclusion stems from the fact that the record is entirely bare of any professional misconduct while petitioner practiced law in Pennsylvania or of any unethical conduct in connection with his employment in Las Vegas. In fact, petitioner's good moral character is supported by communications from many Pennsylvania and Las Vegas attorneys. Furthermore, it was represented to this court during oral argument by counsel for the board that the board did not believe that petitioner was "actively immoral" and that it did not feel "strongly" about its adverse recommendation.

The recommendation of the Board of Bar Examiners

that petitioner be denied admission is rejected, and we conclude that petitioner is entitled to practice law in the State of Nevada. It is so ordered.

BADT, C. J., and THOMPSON, J., concur.